United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAYDEN L. KANNEDY, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-2417 |
| | § | |
| HARRIS COUNTY | § | |
| COMMISSIONERS COURT, *et al.*, | § | |
| *Defendants*. | § | |

### JUDGE DENA PALERMO'S
### REPORT AND RECOMMENDATION[1]

*Pro se* Plaintiffs filed a 30-page complaint with over thirty additional pages of exhibits, suing Defendants for violations of Plaintiffs' constitutional rights related to an April 2022 eviction proceeding. ECF No. 1. Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 41(b).

## I.    BACKGROUND

Plaintiffs filed suit against the Harris County Commissioners Court, Harris County Constable's Office, Houston Police Department, Harris County District Attorney's Office, Harris County Clerk's Office, Harris County, and the City of Houston. ECF No. 1. Defendants filed motions to dismiss, in which Defendants

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 5.

argue that the allegations in *pro se* Plaintiffs' original complaint fail to state a claim. ECF Nos. 11, 14, 16, 23, 24, 28.

The Court ordered Plaintiff to correct the deficiencies raised in the motions to dismiss and file an amended complaint by December 31, 2025. ECF No. 8.[2] To date, Plaintiffs have not done so. In the same order, the Court granted Plaintiffs' motion for an extension of time to serve Defendants and ordered Plaintiffs to serve a copy of their amended complaint and summons on each Defendant within twenty-one days of filing their amended complaint. ECF No. 31.[3] There is no evidence before the Court that Plaintiff has complied with this directive.

## II.   PLAINTIFFS' LAWSUIT SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b). Pursuant

---

[2] The Court also cautioned Plaintiffs that failure to comply with the signature requirements of Rule 11(a) would result in the filing being struck.

[3] The Court admonished Plaintiff that Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," and Rule 4(l) requires proof of service to be made to the court, unless service is waived. FED. R. CIV. P. 4(l), (m). Dismissal of Harris County and Harris County Commissioners Court is also appropriate under Rule 4(m).

to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))). The decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Lancon v. Stafflink, Inc.*, No. C.A. H-182051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Link,* 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

Generally, a dismissal for want of prosecution is without prejudice. *Castillo*, 2022 WL 5264612, at *3 (*Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by

Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendants were actually prejudiced because of the delay, or (3) the delay is intentional. *Lancon*, 2019 WL 1046951, at *2 (*Papasan,* 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

Despite the Court's order to do so, Plaintiffs have not filed an amended complaint or shown they have served Defendants with their amended complaint. Plaintiffs have not had any contact with the Court since they filed their motion for an extension of time to serve Defendants on September 17, 2025. ECF No. 7.[4] These facts constitute a record of delay caused by Plaintiffs' failure to prosecute this case. *Castillo*, 2022 WL 5264612, at *2 ("Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.") (citing *Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex.

---

[4] Plaintiffs' process server last filed an executed summons against Lina Hidalgo, who is unnamed in the complaint, on October 23, 2025. ECF No. 22.

Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the  motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019), *adopted*, 2019 WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (dismissal warranted where the plaintiff failed to comply with court orders, failed to respond to the motion to dismiss, and did not appear at a scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same)).

Furthermore, the Court unsuccessfully admonished Plaintiffs, a lesser sanction. In the order discussed above, the Court warned Plaintiffs that their failure to file an amended complaint may result in the case being dismissed for lack of prosecution. The Court also admonished Plaintiffs that failure to provide proof of service of the unserved Defendants may result in those parties' dismissal from the lawsuit. Also in this order, the Court extended Plaintiffs' deadline to respond to the motions, permitting Plaintiff over three months to respond and extended Plaintiff's service deadline by more than a month—again, futile efforts. *Id.*  The Court is not

convinced that monetary sanctions would have any effect, considering Plaintiffs' *pro se* status. *See Lancon*, 2019 WL 1046951, at \*3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiffs have abandoned their suit.

The Court recommends that Plaintiffs' case be dismissed with prejudice. There is a sufficient record to find the delay is the result of Plaintiffs' inactions, and further, their failure to amend and Defendants, despite an order and ample time to do so, cannot be characterized as anything but intentional. *See Lancon*, 2019 WL 1046951, at \*2. The two duties enumerated in the Court's order: to file an amended complaint and serve the amended complaint on Defendants fall on Plaintiffs' shoulders as *pro se* litigants. On this record, dismissal with prejudice is appropriate.

Accordingly, the Court recommends dismissing this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See Castillo*, 2022 WL 5264612, at \*2.

## III.   CONCLUSION

The Court **RECOMMENDS** that this lawsuit be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review**

of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 14, 2026, at Houston, Texas.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**